# Exhibit 1



**Ohio Casino Control Commission**

CasinoControl.Ohio.gov

Mike DeWine, *Governor*   Jim Tressel, *Lt. Governor*   Thomas J. Stickrath, *Chair*

March 31, 2025

Tarek Mansour
Chief Executive Officer
KalshiEX LLC, dba Kalshi
594 Broadway, Suite 407
New York, NY 10012

Eliezer Mishory
Chief Regulatory Officer and General Counsel
KalshiEX LLC, dba Kalshi
594 Broadway, Suite 407
New York, NY 10012

**Sent via Certified Mail, Regular Mail, and Email to:** Support@Kalshi.com **and** Legal@Kalshi.com

Re: Cease-and-Desist: Event Contracts on Sporting Events Violate Ohio Sports Gaming Laws

Dear KalshiEX LLC,

The Ohio Casino Control Commission (the "Commission") is hereby putting you on notice that by offering "event contracts" on sporting events to citizens located within the State of Ohio, without a sports gaming license, KalshiEX LLC (hereafter referred to as "Kalshi") is violating Ohio law. For the reasons set forth below, Kalshi must immediately cease offering these sports wagering products unlawfully in Ohio.

Based on Kalshi's website, Kalshi is offering "event contracts," that give consumers the option to purchase contracts corresponding to one of two outcomes of an event. In a sporting event context, a consumer is purchasing a contract that reflects which team they believe will win or lose the matchup. The ultimate result is money being won or lost based on the outcome of a game. Plainly stated, Kalshi is operating online sports gaming.

Sports gaming cannot be offered in Ohio without a license issued by the Commission. R.C. 3775.03(A). A person or business offers sports gaming when it accepts wagers on sporting events. R.C. 3775.01(O)(1). Sporting events include, but are not limited to, professional and collegiate athletic events. R.C. 3775.01(N)(1). Further, the Ohio General Assembly defined wager as "to risk a sum of money or thing of value on an uncertain occurrence." R.C. 3775.01(DD). Therefore, a person or entity that accepts anything of value risked on the outcome of a sporting event without a valid license issued by the Commission is violating Ohio sports gaming laws.

It is a felony to offer sports gaming in the State in a manner that does not comply with Chapter 3775 of the Ohio Revised Code. R.C. 3775.99(B)(9). Further, an unlicensed sportsbook operating within Ohio is also facilitating bookmaking in violation of the Ohio Criminal Code. *See* R.C. Chapter 2915. Bookmaking is defined under Ohio law as "the business of receiving or paying off bets." R.C. 2915.01(A). The Code specifically defines "bet" as "the hazarding of anything of value upon the result

of an event, undertaking, or contingency, but does not include a bona fide business risk." R.C. 2915.01(B). Kalshi's current March Madness and other sporting event offerings are clearly facilitating bookmaking in violation of Ohio civil and criminal law, exposing Kalshi to civil and criminal penalties. R.C. 2915.02, R.C. 3775.02, R.C. 3775.99.

Moreover, Kalshi's website constitutes a nuisance under Ohio law that is subject to abatement under R.C. Chapter 3767. R.C. 3775.99(B)(9). The Commission has the power to impose a civil penalty or fine in an amount equal to the money or value of the property that Kalshi has unlawfully obtained or retained by offering these event contracts on sporting events to the citizens of Ohio. *See* Ohio Admin. Code 3775-1-08. The Commission may also pursue additional civil and administrative remedies against Kalshi, its officers, directors, holding or parent companies, as applicable.

In addition, Kalshi's unlicensed and unlawful offering of sports gaming through event-based sporting contracts to individuals under the age of twenty-one is a flagrant disregard of Ohio's statutory gambling age limit. R.C. 3775.99(A)(2). To create a Kalshi account, a consumer is bound by Kalshi's Member Agreement, in which a consumer certifies they "are the age of majority in [their] state of residence." Section VI, Representations and Warranties. Ohio's age of majority is eighteen. R.C. 3109.01. Accordingly, an age group intentionally shielded by the Ohio legislature from sports gambling has unfettered access to sports wagering because of Kalshi.

While Kalshi may assert that the offerings are not sports gaming or gambling, Kalshi is trying to act like a regulated, licensed sportsbook. Recently, Kalshi announced that it was partnering with IC360, a prominent firm specializing in comprehensive monitoring and compliance solutions for sports and sports betting. Kalshi simultaneously heralded the "Consumer Protection Hub," which will feature voluntary opt-outs and other self-exclusion tools. Notably, Kalshi's attempt at offering an exclusion tool highlights that those Ohioans that have signed up for broad exclusion from all sports gaming through the TimeOut Ohio Program would still have unrestricted access to Kalshi's offerings. Kalshi is demonstrating that it considers its products akin to sports wagering by using similar features offered by the licensed and regulated sports gaming industry.

**Because Kalshi is offering unlicensed sports gaming and facilitating bookmaking in Ohio, the Commission demands that Kalshi cease and desist from offering, participating in offering, or facilitating those who offer these products in the State of Ohio. Kalshi shall notify the Commission in writing no later than April 14, 2025, that it has complied with this cease-and-desist notice.**

Kalshi's failure to abide by this notice may result in the Commission pursuing all legal remedies and actions against Kalshi, including, but not limited to, administrative, civil, or criminal sanctions pursuant to R.C. Chapters 2915 and 3775, and any rules adopted thereunder.

    Sincerely,

    Matthew T. Schuler
    Executive Director